■ MARIE MARTRANO et al., Individually and as Parents and Natural Guardians of ARTHUR MARTRANO and Another, Infants, et al., Respondents, v ERIK ENTIN, Appellant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated September 3, 1985, as denied that branch of his motion pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action asserted by the plaintiff Marie Martrano.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to dismiss the cause of action of the plaintiff Marie Martrano is granted.

According to the allegations of the complaint, which must be accepted as true for the purpose of the motion to dismiss *(see, Becker v Schwartz,* 46 NY2d 401, 408), the plaintiff Marie Martrano consulted the defendant, a physician specializing in the field of neurology, after experiencing certain symptoms of possible neurological illness. She informed the defendant that she and her husband, the plaintiff Douglas Martrano, were planning to have a family, and she expressed concern as to whether she would be healthy enough to care for children. Dr. Entin, after examining Mrs. Martrano, allegedly informed her

"that she was healthy and that there was no medical or illness-related reason that she should not conceive".

Mrs. Martrano ultimately gave birth to two children, both of whom were born with serious physical impairments that will require special care and treatment. Several months after the birth of the second child, Marie Martrano was diagnosed as suffering from multiple sclerosis. This debilitating illness substantially limits her ability to care for her children. While the plaintiffs do not allege that the defendant is responsible for the illnesses suffered by either Marie Martrano or the two infants, they nevertheless claim that Dr. Entin, at the time he rendered advice concerning Mrs. Martrano's ability to conceive and care for children "knew or had reason to suspect that [she] was suffering with a neurological disease or ailment that would render it difficult or impossible for her to care for her children". Because of Dr. Entin's alleged negligent advice, the plaintiffs sought to recover damages for the expenses that will be incurred for the care and rearing of the two disabled children.

Contrary to the conclusions of Special Term, we find that the plaintiff Marie Martrano failed to set forth a cognizable cause of action upon which to predicate an award for the damages sought herein. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.